IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM BLOUNT, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 13-3094 |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents. | : | |

**ORDER**

AND NOW, this 16th day of October 2014, upon careful consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of the United States Magistrate Judge Timothy R. Rice and Petitioner's objections to the Report and Recommendation,[1] it is **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.[2]

3. The petition for writ of habeas corpus is **DENIED** and **DISMISSED**.

4. There is no basis for the issuance of a certificate of appealability.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(C), I must make a de novo determination of the portions of the R&R to which Blount objects.

[2] One of petitioner's claims is that trial and appellate counsel were ineffective for failing to litigate and appeal his constitutional speedy trial claim. I agree with the Magistrate Judge's conclusion that while the length of the delay (approximately sixteen months) triggered the *Barker v. Wingo* analysis, petitioner failed to show prejudice under *Barker*. 407 U.S. 514, 530-32 (1972). For completeness, I would add that the other two *Barker* factors—the reasons for the delay and the defendant's assertion of his right to a speedy trial—weigh slightly in petitioner's favor. *See United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014); *United States v. Battis*, 589 F.3d 673, 678-80 (3d Cir. 2009). Balancing all of the *Barker* factors, I conclude—as the Magistrate Judge did—that the relatively short delay and Blount's failure to establish prejudice carry the most weight here. Thus, I agree with the Magistrate Judge that "because his Sixth Amendment speedy trial claim would have failed even if preserved and pursued by counsel, Blount cannot establish prejudice, as required by *Strickland*." R&R at 15.

1

_____
ANITA B. BRODY, J.

xc: *Chambers of*
    *Hon. Timothy R. Rice*

Copies **VIA ECF** on _____ to:        Copies **MAILED** on 10-17-2014 to:
                                            KAREEM BLOUNT